# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| BRIAN A. WIT, | ) | 4:19CV3006 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| OFFICER MURPHY, 1750, Lincoln Police Department; OFFICER WAYNE, 1751, Lincoln Police Department; UNKNOWN OFFICER, Lincoln Police Department; and PROSECTOR MAKING CLAIM, | ) | |
| Defendants. | ) | |

Plaintiff, Brian A. Wit, filed this case on January 30, 2019, and has since been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on January 1, 2019, at 1:00 a.m., he was pulled from a car and "manhandled for being mouthy." Listed as Defendants are three Lincoln police officers, only two of whom are identified by last name and badge number, and an unnamed prosecutor. Plaintiff alleges he sustained multiple injuries, including a black eye, cuts and bruises, and a dislocated shoulder.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff's Complaint asserts one or more claims for relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*A. Municipal Liability*

Plaintiff does not specify whether he sues Defendants in their individual or official capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state

so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.... A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.").

The City of Lincoln may only be liable under section 1983 if a municipal "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

No facts are alleged in Plaintiff's Complaint to show that his injuries were caused by a policy or custom of the City of Lincoln. The Complaint therefore is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). However, on the court's own motion, Plaintiff will be given 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted.

If Plaintiff intends to sue Defendants in their individual capacities, he must so specify in the Amended Complaint and he will also need to describe what each individual Defendant did to cause him injury. Because vicarious liability is inapplicable to § 1983 suits, Plaintiff must plead that each Defendant, through his or her own individual actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676.

The court understands Plaintiff to be asserting that Lincoln police officers arrested him without probable cause and used excessive force in effecting his arrest, in violation of Fourth Amendment. Plaintiff also appears to be asserting a malicious prosecution claim.

*B. Unlawful Arrest*

"It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir. 1986). "An officer has probable cause to arrest a suspect without a warrant if the 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)); *see also Anderson v. Franklin Cty.*, 192 F.3d 1125, 1132 (8th Cir. 1999) (holding that officers who had probable cause to arrest could not be found liable on Fourth Amendment false imprisonment claim).

Plaintiff's Complaint contains no factual allegations from which the court can infer that the officers arrested Plaintiff without probable cause, or even that the officers acted without a warrant. If an Amended Complaint is filed, Plaintiff should correct this pleading defect by stating the reason(s) given for his arrest and describing why the officers did not have probable cause to make the arrest.

*C. Excessive Force*

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Mettler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999).

"An officer's use of excessive force violates the Fourth Amendment if 'objectively unreasonable.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). "Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Id.* (citing *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009)).

While the injuries described in the Complaint suggest that Plaintiff has a plausible excessive force claim, the court is unable to determine whether all three officers allegedly participated in "manhandling" Plaintiff or, at a minimum, failed to intervene. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012) ("A law enforcement officer who knows another officer is using excessive force has a duty to intervene"). Again, if an Amended Complaint is filed, Plaintiff should describe what each officer did to cause him injury.

### D. Malicious Prosecution

"[M]alicious prosecution by itself is not punishable under section 1983 because it does not allege a constitutional injury." *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990), 904 F.2d 407, 409 (8th Cir. 1990). "Therefore, malicious prosecution can form the basis for a section 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal law." *Id.* Plaintiff's Complaint merely lists as a Defendant the "prosector [*sic*] making claim" and does not contain any facts from which it may be inferred that there was some underlying constitutional violation associated with his prosecution.

Also, "[p]rosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* The

filing of criminal charges is an action intimately associated with the judicial phase of the criminal process, and absolute immunity applies "even if the prosecutor's steps to initiate a prosecution are patently improper." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity." *Id.*

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). Out of an abundance of caution, however, the court will grant Plaintiff leave to file an Amended Complaint. If an Amended Complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline in each case: March 6, 2019: check for amended complaint.

DATED this 5th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge