IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN A. WIT, | ) | 4:19CV3006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CITY OF LINCOLN, NEBRASKA, | ) | |
| OFFICER TREY L. WAYNE 1751, and | ) | |
| OFFICER MURPHY 1758, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Brian A. Wit, filed this case on January 30, 2019, and was granted leave to proceed in forma pauperis. The court conducted an initial review of Plaintiff's Complaint (Filing 1) and entered a Memorandum and Order on February 5, 2019 (Filing 9), finding that the Complaint failed to state a claim upon which relief may be granted. The court on its own motion gave Plaintiff leave to amend and indicated the manner in which certain pleading deficiencies should be addressed. Plaintiff filed on Amended Complaint on February 25, 2019 (Filing 12). The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF AMENDED COMPLAINT

Plaintiff claims Defendants, the City of Lincoln, Nebraska, and two Lincoln police officers, violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments (Filing 9, pp. 1, 2). He alleges:

> [O]n or around 1:00 a.m. on January 24, 2019 , [I] was on private property, ... and was resting safe, from the dangerous sub degree temperatures that evening.... I was forcibly trespassed in property, and on person and feared for my life and defended my person and property not knowing who at the exact moment was trespassing on me. I received Physical damage on property and person. The defendants, Officer Trey L. Wayne badge number 1751, and officer Murphy badge number 1758 in this case, forged libel accusations of harm with out due process.

\* \* \*

> I was physically pulled out of my car resting safely. The defendants shoved me to the ground with great force, when I awoke and was some what coherent. I was being slammed around, punched , tassed, pepper sprayed. I was fighting for my life. My back is harmed, my right shoulder dislocated, will need surgery .... I have sustained nerve damage in left foot, and nerve damage in right hand. The social discredit from all who have seen my picture for defending my rights, my friends and family have seen mine [*sic*] picture of arrest and misconstrued false libel via internet to local news to a face book app....

(Filing 12, p. 2). Plaintiff seeks "compensatory and exemplary damages, injunctive relief, $1,000,060.00 (one million and sixty thousand [*sic*] dollars) in fees and such other relief as this court deems just and proper" (Filing 12, p. 2).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

III. DISCUSSION

Liberally construed, Plaintiff's Amended Complaint asserts one or more claims for relief under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not specify whether he sues Officers Wayne and Murphy in their individual or official capacities.[1] Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.... A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.").

The City of Lincoln may only be liable under section 1983 if a municipal "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur*

---

[1] In its previous Memorandum and Order, the court advised Plaintiff that to sue the officers in their individual capacities, "he must so specify in the Amended Complaint and he will also need to describe what each [officer] did to cause him injury. Because vicarious liability is inapplicable to § 1983 suits, Plaintiff must plead that each [officer], through his or her own individual actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676." (Filing 9, p. 4).

*v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

No facts are alleged in the Amended Complaint to show that Plaintiff's injuries were caused by a policy or custom of the City of Lincoln. He merely alleges in conclusory fashion that:

> All the acts and omissions by Police Officer Trey L. Wayne and Officer Murphy in this claim were carried out under policies and practices of the City of Lincoln Nebraska, Lincoln Police Department. And existed at the conduct and were engaged in with full knowledge, consent, and cooperation and under direct authority of Defendant under the color of law for the City of Lincoln Nebraska and Department of Public Safety. This acts of civil right violations occur at an a [*sic*] alarming number of cases, when we the people execute their inalienable god given rights. The existence of these unlawful defacto policies are well know widespread customs and practices is known to, encourage, condone and protect those officers of the state and policies. That bringing to light to the City of Lincoln Nebraska, Lincoln Police Department along with Public Safety Department might turn a blind eye.

(Filing 12, p. 3).

"Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or

custom of the [City] or a deliberate choice by a decision-maker with final authority." *Bartunek v. Hall Cty. Nebraska*, No. 8:18CV489, 2019 WL 1126056, at *3 (D. Neb. Mar. 12, 2019) (quoting *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016)). "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (holding plaintiff's allegations were insufficient to show the existence of a municipal "custom").

Plaintiff does not identify any unconstitutional policy that the officers might have been following during their encounter with him on January 24, 2019, nor is it alleged that either officer had the authority to make policy for the City of Lincoln. Plaintiff attempts to allege that it is customary for Lincoln police officers to commit civil rights violations, but he offers only vague generalities. In other words, Plaintiff's Amended Complaint did not fix the problem that this court identified in its February 5, 2019 Memorandum and Order, and his amended pleading still fails to state a claim against the City of Lincoln (or against Officers Wayne and Murphy in their official capacities). This case therefore remains subject to being dismissed on initial review under 28 U.S.C. § 1915(e)(2). *See, e.g., McCullough v. Sarpy Cty.*, No. 8:18CV194, 2019 WL 234776, at *3 (D. Neb. Jan. 16, 2019) ("Because Plaintiff has provided no more than unadorned accusations, 'supported by mere conclusory statements,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the court finds that he has not pleaded sufficient facts to state a claim against Sarpy County."); *Sailors v. US Marshals Serv. Dep't*, No. 8:18CV189, 2018 WL 4300122, at *3 (D. Neb. Sept. 10, 2018) ("Plaintiff's Complaint includes the undefined phrase 'policy and practice,' but does not allege facts even

hinting at a City of Lincoln official's deliberate choice to follow a course of action made from among various alternatives (a 'policy') or a continuing, widespread, persistent pattern of unconstitutional misconduct (a 'custom')."); *Infante v. City of Hastings*, No. 8:17CV3163, 2018 WL 1732155, at *4 (D. Neb. Apr. 9, 2018) ("Infante makes the conclusory allegation that her constitutional rights were violated as a result of an official policy, unofficial custom, and improper training and supervision, but she failed to allege any facts in support of that conclusion. She did not identify any of the individual defendants as having any supervisory authority or training responsibilities, and she did not allege the existence of any causal policy or custom employed by the City of Hastings, specifically.").

On its initial review of Plaintiff's original Complaint, the court understood Plaintiff to be asserting that Lincoln police officers arrested him without probable cause and used excessive force in effecting his arrest, in violation of Fourth Amendment and Fourteenth Amendments. However, there were no factual allegations from which the court could draw the reasonable inference that the officers arrested Plaintiff without probable cause. Plaintiff was instructed that when filing an Amended Complaint he "should correct this pleading defect by stating the reason(s) given for his arrest and describing why the officers did not have probable cause to make the arrest" (Filing 9, p. 4), but Plaintiff has failed to do so. While the personal injuries described in the Amended Complaint suggest that Plaintiff has a plausible excessive force claim, he has not specified that the officers are being sued in their individual capacities, nor has he alleged sufficient facts to state a plausible claim for relief against the City of Lincoln.

Finally, Plaintiff claims in the Amended Complaint that he was deprived of his rights under the First and Fifth Amendments. The court will not speculate as to the nature of these constitutional claims because Plaintiff has not alleged sufficient facts to get even close to crossing over the line "from conceivable to plausible."

IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). Out of an abundance of caution, however, the court will give Plaintiff one more opportunity to amend his pleadings. If a Second Amended Complaint is filed within 30 days, the court will then

conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if a Second Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file a Second Amended Complaint that states a claim upon which relief may be granted. Failure to file a Second Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline in each case: May 2, 2019: check for amended complaint.

DATED this 2nd day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge